IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| O. ERI ALBERTO R.G., | Civil No. 1:26-cv-04173-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| CENTRAL VALLEY ANNEX, | A# 222-583-055 |
| Respondent. | |

## **ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner O. Eri Alberto R.G.[1] petitions for a writ of habeas corpus under 28

U.S.C. § 2241.  He entered the United States in 2004 and has resided in Arkansas for the

past 22 years.  Dkt. No. 2, at pg. 4.  Since then, he has worked in construction and has

become a father to four United States citizen children.  He has no criminal record.  *Id.*

But on April 4, 2026, Petitioner was arrested by ICE while driving his car.  He has

been in immigration detention ever since.  And just as the government gave him no

prior opportunity to forestall his arrest and detention, it has given him no procedural

opportunity to challenge his detention now that he is in custody.  So Petitioner invokes

---

[1]      For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.

Many district judges, both in this district and others, have granted petitions just like this one.  *See, e.g.*, *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Kallebe C.F.L. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03651-MWJS, 2026 WL 1374754 (E.D. Cal. May 14, 2026); *Brandon A.R. v. Warden of Golden State Annex*, No. 1:26-cv-03004-MWJS, 2026 WL 1139597 (E.D. Cal. Apr. 27, 2026); *R.D.T.M. v. Wofford*, No. 1:25-v-01141-KES-SKO, 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondent to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above.  Dkt. No. 6.  The court thanks Respondent for its timely and candid responses.  Dkt. Nos. 7, 9.  In them, Respondent maintains its position that Petitioner's arrest and detention was constitutional.  But it acknowledges that there are "no distinguishing facts or law between this case and the [*Maxo Ben G.*] *v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, line of cases."  Dkt. No. 9, at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED as to Petitioner's claim under the Due Process Clause of the United States Constitution, for the reasons stated in those prior orders.  Respondent is ORDERED to immediately release Petitioner O. Eri Alberto R.G. (A# 222-583-055) from its custody.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

IT IS SO ORDERED.

DATED:  June 8, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____

Micah W.J. Smith
United States District Judge

Civil No. 1:26-04173-MWJS; *O. Eri Alberto R.G. v. Central Valley Annex*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS